| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| DONNA TOMASINO,<br><br>                              Plaintiff,<br><br>   – against –<br><br>THE ESTEE LAUDER COMPANIES, INC.,<br>ESTEE LAUDER, LLC, and ESTEE LAUDER,<br>INC.,<br><br>                            Defendants. | **MEMORANDUM & ORDER**<br><br>13-CV-4692 (ERK) (RML) |

KORMAN, J.:

      I assume familiarity with the underlying facts of this case from my previous ruling on this matter. *See Tomasino v. Estee Lauder Companies Inc.*, No. 13-CV-4692, 2014 WL 4244329 (E.D.N.Y. Aug. 26, 2014) ("*Tomasino I*"). Briefly, plaintiff Donna Tomasino, on behalf of herself and all others similarly situated, brought a suit in diversity alleging that The Estee Lauder Companies Inc., Estee Laboratories, LLC, and Estee Lauder Inc. (collectively "Estee Lauder") advertise their Advanced Night Repair ("ANR") collection in a false, deceptive, or misleading way. 2d Am. Compl. ¶ 2. Specifically, she alleges that the ANR products "do not and cannot live up to" the advertised promise to "repair past visible DNA damage" as a means of making skin look younger. *Id.* at ¶¶ 8, 27. In the previous order, I dismissed with prejudice Tomasino's claims for breach of express warranty, breach of implied warranty, and unjust enrichment. *Tomasino I*, 2014 WL 4244329. I also dismissed Tomasino's claims brought under sections 349 and 350 of the New York General Business Law without prejudice and allowed her the opportunity to replead. Tomasino subsequently filed a Second Amended Complaint, repleading her General Business Law claims and asserting an additional claim for breach of contract. 2d Am. Compl., ECF No. 21. Estee Lauder has once again moved to dismiss the complaint

pursuant to Rules 12(b)(6) and 12(f). Mot. to Dismiss 2d Am. Compl., ECF No. 26. The crux of the issue is whether plaintiff's new pleading makes her claims sufficiently plausible to withstand a motion to dismiss.

## ANALYSIS

A.   **Defendants' Motion to Dismiss**

   1.   **Claim Preclusion**

Estee Lauder asserts that plaintiff's newly pleaded breach of contract claim is barred by principles of res judicata and the law of the case. Specifically, defendants contend that the dismissal with prejudice of Tomasino's claims for breach of express warranty, breach of implied warranty, and unjust enrichment bar her breach of contract claim arising from the same transaction. Mot. to Dismiss 2d Am. Compl., at 13.

Although defendants rest a large portion of their arguments on the doctrine of res judicata, that doctrine does not apply to the case at hand. "*Res judicata* does not speak to direct attacks in the same case, but rather has application in subsequent actions." *Rezzonico v. H&R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 4434 at page 130-31 ("Preclusion should not apply within the framework of a continuing action."). Here, because the supposedly preclusive order arose in the same case—and not a previous action—res judicata does not apply. Rather, defendants must rest their arguments on the law of the case doctrine.

The law of the case doctrine is usually considered to have two branches. The first—the so-called mandate rule—requires trial courts to follow an appellate court's ruling on an issue in the same case. *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). The second branch is more flexible but generally holds that a court should adhere to its earlier decisions in subsequent stages of litigation unless compelling reasons counsel otherwise. *Id.* "The major

grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). That said, application of the doctrine is discretionary and it "need not be applied when no prejudice results from its omission." *First Nat'l Bank of Hollywood v. American Foam Rubber Corp.*, 530 F.2d 450, 453 n.3 (2d Cir. 1976); see also *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991). The doctrine is "driven by considerations of fairness to the parties, judicial economy, and the societal interest in finality." *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009).

While related to the principles of res judicata, law of the case doctrine is an analytically distinct concept. Significantly, the preclusive effects under the law of the case doctrine are narrower than under res judicata. When it applies, res judicata bars not only the specific legal claim decided in an earlier action, but all claims that arise from the same nucleus of operative fact. *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000). In contrast, the law of the case doctrine applies only to the specific issues the court decided. "As compared to claim preclusion, it is not enough [under law of the case doctrine] that the matter could have been decided in earlier proceedings." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 4478 at page 649; *Russo v. City of Hartford*, 419 F. Supp. 2d 134, 142 (D. Conn. 2006). Law of the case preclusion does not stretch so far. Moreover, this narrow reading of the doctrine is consistent with Fed. R. Civ. P. 15(a)'s mandate that leave to amend pleadings be freely given.

Estee Lauder does not contend that the earlier order in this case decided the issue of plaintiff's breach of contract claim. Rather, defendants attempt to rely on the law of the case doctrine to contend that the new claim is precluded because it arises from the same nucleus of facts as the earlier dismissal. Mot. to Dismiss the 2d Am. Compl., at 15-17. This, however,

3

conflates res judicata principles with the narrower law of the case doctrine. Here, the law of the case would prohibit plaintiff from reasserting her breach of warranty or unjust enrichment claims because those were the issues decided in the previous order. But that order does not prohibit plaintiff from asserting all claims based on the same nucleus of facts as those dismissed claims. Indeed, as I previously noted, plaintiff's surviving claims under the New York General Business Law "are based on the same underlying conduct" as the dismissed claims. *Tomasino I*, 2014 WL 4244329, at \*9. That the plaintiff had the opportunity to replead the New York claims indicates that the dismissals did not have the broad preclusive effect that defendants assert.

Declining to grant broad claim preclusion based on the law of the case decisions is the appropriate application of the doctrine. Thus, in *Edwards v. New Opportunities Inc.*, No. 05-CV-1238, 2007 WL 947996 (D. Conn. Mar. 26, 2007), the court allowed the plaintiff to file an amended complaint alleging new charges—arising from the same facts, but on different legal theories—against defendants for whom the court had previously dismissed all claims with prejudice. There, the court confined the scope of its earlier ruling to the particular charges dismissed, declining to interpret that ruling as encompassing a sweeping dismissal of all claims arising from the transaction in controversy. *Id.* at \*3. This reflects the principle that the law of the case doctrine does not possess the same broad preclusive effect as a final adjudication in a separate previous action.

The Second Circuit's decision in *L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc.*, 198 F.3d 85 (2d Cir. 1999), does not compel a contrary result. There, the district court had dismissed on summary judgment all claims against the individually named defendants, but not against the corporate defendants. *Id.* at 86. The plaintiffs subsequently filed an amended complaint against the individual defendants under new legal theories, but based on the same factual predicates. *Id.* The district judge dismissed the amended complaint against the

4

individuals on res judicata grounds and granted an order pursuant to Fed. R. Civ. P. 54(b) directing entry of a final judgment on the two orders. *Id.* at 86, 88. On appeal, the Second Circuit affirmed. Although it based its decision on res judicata principles, the decision is better understood as an application of the law of the case doctrine because the decisions were made in the context of a single, ongoing case. *Rezzonico*, 182 F.3d at 148. This, then, would seem to suggest that the law of the case doctrine can be interpreted as having broad preclusive effects.

To the extent that *L-Tec* was correctly decided, *see* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 4434 at page 130 (citing *L-Tec* as an example of an opinion that "seem[s] to confuse preclusion with law-of-the-case principles, defeating reconsideration of matters that should remain subject to revision in the same action"), its facts are distinguishable from those present here. In *L-Tec*, the district judge on summary judgment had dismissed all the claims against the individual defendants, rendering them completely out of the case with no reason to expect that they would be haled back into court based on the same transaction as the dismissed claims. That is not the situation here. In the present suit, there has never been a point where the defendants could have held the reasonable belief that their involvement in the suit was irrevocably finished or that no further legal action arising from the underlying conduct was pending. In the earlier order, I granted plaintiff leave to amend her suit in regard to the General Business Law claims that arise from the same conduct that now informs her breach of contract claim. Moreover, the dismissal in *L-Tec* came on summary judgment, presumably after discovery had taken place. Here, no similar expenditure of time and financial resources has taken place. Allowing plaintiff's breach of contract claim to proceed here does not prejudice the defendants. Nor do considerations of fairness to the parties, judicial economy, and the societal interest in finality require a different result. Plaintiff's breach of contract claim is not barred by res judicata or the law of the case doctrine.

5

Because the plaintiff is permitted to pursue her breach of contract claim, there is no need to address the defendants' argument that dismissal of that claim would strip this court of subject matter jurisdiction for the suit as a whole.

**2.  Merits**

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he court accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). To survive a motion to dismiss, the plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

New York General Business Law § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 349(a). "A plaintiff under section 349 must prove three elements:  first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act[.]" *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611 (2000). "A claim of false advertising under Section 350 must meet all of the same elements as a claim under Section 349, and the plaintiff must further demonstrate proof of actual reliance." *Merck Eprova AG v. Brookstone Pharm., LLC*, 920 F. Supp. 2d 404, 425 (S.D.N.Y. 2013). Claims under §§ 349 and 350 are subject to the notice-pleading requirements of Fed. R. Civ. P. 8(a). *See Pelman ex rel. Pelman v. McDonald's Corp.*,

396 F.3d 508, 511 (2d Cir. 2005). Asserting a breach of contract claim under New York Law, "requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011); *accord Robles v. Cox & Co., Inc.*, 841 F. Supp. 2d 615, 632 (E.D.N.Y. 2012).

The crux of the issue here is whether Tomasino has pled with sufficient plausibility her claim that the ANR products "do not and cannot live up to" the promise to "repair past visible DNA damage" as a means of making skin look younger. 2d Am. Compl. ¶¶ 8, 27. Upon this point hinges plaintiff's arguments regarding the General Business Law and breach of contract. In an attempt to rectify the deficiencies in her previous complaint, plaintiff's amended complaint now includes a list of the specific ingredients in the ANR products and allegations that these ingredients lack the ability to repair past DNA damage as advertised. *Id.* at ¶¶ 60-61. In doing so, she attempts to meet the threshold showing suggested by the Second Circuit in *DiMuro v. Clinique Labs., LLC*, 572 Fed. App'x 27, 31 (2d Cir. 2014). Moreover, she includes an extended discussion on the biology of skin, the effects of sun damage and age on skin, and provides her explanation for why the particular ingredients found in the ANR products cannot deliver on the promises of their advertising. 2d Am. Compl. ¶¶ 41-68. This discussion is peppered with citations to five different scientific studies as support for her claims. *Id.*; *see Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543-44 (S.D.N.Y. 2013) (finding that plaintiffs plausibly alleged defendants' claims of health benefits of dietary supplement were false or deceptive where the "plaintiffs cite[d] to numerous scientific studies that arguably support[ed] their conclusion" that the supplement could not work as advertised).

The mere inclusion of a list of the ANR products' ingredients paired with assertions that each ingredient is incapable of repairing DNA or permanently reducing wrinkles does not suffice to establish the plausibility of Tomasino's claims. Although the Second Circuit in *DiMuro*

7

faulted the plaintiff for not including a list of product ingredients, *DiMuro*, 572 Fed. App'x at 31, such a list is properly considered as a necessary—not a sufficient—pleading when claiming that a product's ingredients cannot live up to its advertising's promises. Indeed, listing the product's ingredients and asserting one-by-one that they are ineffective is no less conclusory than claiming that the product as a whole does not work. It is merely a more specific series of conclusions. The lists alone cannot establish the plausibility required under Rule 8. Thus, the focus of the inquiry turns to plaintiff's more detailed description of why the products cannot work as advertised. *See* 2d Am. Compl. ¶¶ 41-68.

Tomasino's pleading here provides sufficient plausibility for her claims to survive a motion to dismiss. Taking as true the factual allegations in the Second Amended Complaint, Tomasino has provided sufficient support to "nudge[] [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. She begins by explaining the structure and major functions of the skin as well as detailing the manner in which sun and age harm the skin. 2d Am. Compl. ¶¶ 42-47. She then explains the potential effects of the ingredients in the ANR products before explaining why those ingredients cannot deliver the performance promised in Estee Lauder's advertising. *Id.* at ¶¶ 48-59. This explanation is punctuated by occasional citations to scientific studies "that arguably support the[] conclusion" that ANR products cannot repair damaged DNA. *See Quinn*, 958 F. Supp. 2d at 543. Unlike the threadbare conclusions presented in her previously dismissed complaint, these new allegations satisfy the pleading standards under Fed. R. Civ. P. 8.

Estee Lauder vehemently contests the adequacy of this amended pleading. Def.'s Mem. Law Supp. Mot. Dismiss 24-37. But the arguments defendants present are not ones that are properly considered on a motion to dismiss. Defendants' arguments ultimately go to the weight that ought to be afforded the various contentions and studies on which plaintiff has relied in

drafting her complaint. This is not the appropriate inquiry at this procedural stage. *Quinn*, 958 F. Supp. 2d at 544 ("Whether or not the studies support plaintiff's proposition that it is 'biologically impossible' to rebuild cartilage is an issue of fact the Court cannot resolve on a motion to dismiss."). Tomasino is not obligated in her complaint to definitively prove all of her claims by reference to unassailable scientific fact. Rather, she is only required to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. She has met that limited threshold as it relates to her claims that the ANR products cannot work as advertised. Whether her claims would survive a motion for summary judgment or prevail at trial are matters that are not properly decided here.

      Because plaintiff's claims regarding Estee Lauder's allegedly deceptive advertising are permitted to proceed, I decline to grant defendants' motion to dismiss or strike allegations in the complaint. I have already concluded that the plaintiff's causes of action under the New York General Business Law and for breach of contract are sufficient to survive a motion to dismiss. The complaint contains multiple allegations of fact on which the causes of action were based. Obviously, not every allegation in the complaint is essential for that purpose. Passing over the fact that a motion to strike pursuant to Rule 12(f) is not appropriate for dismissing claims that are precluded as a matter of law and that causes of action—and not allegations in the complaint—are subject to dismissal, I see no point in reviewing each allegation in the complaint to determine whether it should be retained or struck. The complaint is not admissible into evidence. Once the standard prescribed by *Twombly* and *Iqbal* has been satisfied, the function of the complaint is merely to provide notice. If at some point in the litigation a particular allegation that the defendants believe should be struck creates an unforeseen burden, then that would be the appropriate time to seek relief.

B.      **Defendants' Request for Judicial Notice**

Along with their motion to dismiss the Second Amended Complaint, Estee Lauder filed a motion to take judicial notice of 19 exhibits to be considered when deciding their motion to dismiss. Mot. to Take Judicial Notice, ECF No. 27. For the most part, these materials would be more appropriate on a motion for summary judgment than on the motion to dismiss at issue here. *See Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). I include these brief words to clarify which of these materials I relied on in deciding this motion.

I take judicial notice of Exhibits 1-5, the scientific articles plaintiff incorporated into her amended pleading by reference. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Similarly, I take notice of Exhibit 19, which is merely a more legible version of an exhibit that appears in the body of the complaint itself. In any event, plaintiff did not object to my notice of these exhibits.

I decline, however, to take notice of exhibits 6-15, the additional scientific articles Estee Lauder presents. Regardless of whether Tomasino had notice of the articles' existence, there is no indication that she relied on them in drafting her amended complaint and, thus, they have not been incorporated into the complaint by reference. *Chambers*, 282 F.3d at 153. Moreover, to the extent that defendants seek to have Exhibits 6-15 noticed under Rule 201, their argument is unavailing because the studies could only create a point of factual dispute that is not properly decided on a motion to dismiss. It is not necessary to determine whether I may properly take judicial notice of Exhibits 16-18 because I find them unhelpful in considering the present case and so did not rely on them.

## CONCLUSION

The defendants' motion to dismiss the complaint for failure to state a claim is denied.

The motion to strike or dismiss certain allegations in the complaint is denied without prejudice.

**SO ORDERED.**

Brooklyn, New York
March 26, 2015

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge